**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52414**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS DAVID UMPHENOUR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of conviction and aggregate term of life with forty years determinate for two counts of aggravated battery on certain law enforcement personnel, aggravated assault on certain law enforcement personnel, aiding and abetting escape, use of a firearm or deadly weapon during the commission of a crime, and unlawful possession of a firearm, with a persistent violator enhancement, affirmed.

Waldren Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Nicholas David Umphenour pled guilty to two counts of aggravated battery on certain law enforcement personnel, Idaho Code §§ 18-915(1), 18-907; aggravated assault on certain law enforcement personnel, I.C. §§ 18-915(1), 18-905; aiding and abetting escape, I.C. §§ 18-2505, 18-204; use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520; and unlawful possession of a firearm, I.C. §§ 18-3316, 19-304, with a persistent violator enhancement. In exchange for his guilty pleas, additional sentencing enhancements were withdrawn or

dismissed.  The district court imposed an aggregate sentence of life with forty years determinate. Umphenour appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Umphenour's judgment of conviction and sentence are affirmed.